(117 App. Div. 467)

### EPSTEIN et al. v. SHEPARD & MORSE LUMBER CO.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

SALES—CONTRACT—OFFER—ACCEPTANCE.

> Where, in an action by a manufacturer against a dealer, for the failure to deliver lumber pursuant to an order given to an agent of the dealer, the manufacturer claimed that there was an agreement by the dealer to fill the order, and tl ` agent taking the order testified that the same was conditional on the dealer being able to fill the order, it was for the jury to determine what the contract was, and it was error to direct that they only assess plaintiffs' damages.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 145–151.]

Appeal from Trial Term, New York County.

Action by Edwin Epstein and others against the Shepard & Morse Lumber Company. From a judgment for plaintiffs, and from an order denying a motion for a new trial, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Charles F. Williams, for appellant.

Maurice B. Blumenthal, for respondent.

HOUGHTON, J. The plaintiffs are box manufacturers, and the defendant is engaged in the lumber business with its principal office in the city of Boston, and maintains a sales department in the city of New York, under the management of one Kennedy, connected with which as salesman, was one Courtney. The plaintiffs required a special kind of lumber in their business, and gave an order to defendant's salesman for a quantity of inch and inch and a quarter eastern pine, not less than five inches in width and ten feet in· length. The order was given verbally at plaintiffs' place of business, the sales agent making a memorandum of it which he submitted to the manager of defendant, and upon which a communication in the form of a sales slip was sent from defendant's New York office to plaintiffs, which specified the amount, size, and price of the lumber which was to be delivered to plaintiffs, with the additional memorandum that "This must be good average width, nothing shorter than 10 feet; no hurry," and with a further memorandum that there probably would be some shorter than 10 feet, which, however, would be at a less price, and, if not wanted, would be taken back. This memorandum also specified that the shipment was to be made "subject to the approval of our Boston office." The complaint simply alleges that the plaintiff purchased a quantity of lumber, without specifying the kind or quantity, or whether the agreement was verbal or in writing, at an agreed price, which the defendant failed to deliver within a reasonable time, and asking damages for such breach. The answer is a general denial.

On the trial, after the order had been introduced in evidence, and upon the defendant objecting to the plaintiffs' proving that the agreement was that the lumber should be delivered before the close of canal navigation, the plaintiffs' counsel announced that the contract relied upon by plaintiffs was a verbal one, and made with the sales agent at the time the order was given. The defendant's counsel accepted this position, and thereafter the case seems to have been tried without reliance .upon the written order and agreement, but on the question as to what the oral agreement in fact was. Both the witnesses for the plaintiff and the defendant seem to have been entirely fair in their testimony, and the whole controversy appears to have arisen from the fact that some one made a mistake and failed to transmit to the Boston office of defendant an order reading like the one sent to the plaintiffs. The order transmitted to the Boston office was the same as that transmitted to the plaintiff, except that there was written on it these words: "If you cannot fill order this way do not ship it." The theory of the plaintiffs upon the trial was that this addition not being on the sales slip ,which defendant forwarded to them, there was a binding agreement on the part of the defendant to fill the order; and it was assumed by the trial court that the oral evidence upon which plaintiffs announced that they relied for their contract, in no way contradicted this. In that respect the learned trial court fell into error, for Courtney, the

sales agent, testified that when the order was given at plaintiffs' place of business, one of the plaintiffs said to him that the lumber must average a better run of width and length than the cargo they had just° bought or they would not accept it, and that he replied "that makes a difference" and then put on his memorandum of the order the following: "Must be better average run of widths and lengths or else do not ship," and handed this memorandum so written to one of the plaintiffs to read over, and that the memorandum embodied the conversation then had on that subject. This testimony was not substantially contradicted, and Vollweiler, with whom it was claimed to have been had, was not produced as a witness.

Aside from the question as to whether or not the order was contingent upon approval by the Boston office, if the agreement to sell, in fact, was conditioned upon the defendant's ability to fill the order in the manner specified, then manifestly it was not an absolute contract, and was not an agreement to fill the order at all events. This evidence of Courtney's at least raised an issue as to what the contract really was. If the contract was an unconditional acceptance of plaintiffs' order and an agreement to fulfill, and was not subject to approval by the Boston office, then the defendant would be liable. On the other hand, if the conversation proved only a conditional order, and the defendants were not to ship if they could not furnish as specified, then a further acceptance was required on the part of defendant before it could be made to respond in damages for failure to fill the order. The evidence, therefore, presented a question of fact for the jury to determine what the contract actually was, and the court erred in refusing the defendant's request to submit that question to them, and in directing that they only assess plaintiffs' damages, as was done. It is urged that the letter of defendant of December 5th, shows an acceptance of the order and a recognition of its binding effect. Under the circumstances disclosed, that letter may be interpreted, not necessarily as an absolute recognition of the order, but as an indication of an endeavor to fill the order if possible, and a desire to do so if the defendant were able.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.